UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,

      Plaintiff,

vs.

LUCKY 7, LLC and
PALM FOOD STORES, INC.,

      Defendants.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter "Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants, LUCKY 7, LLC and PALM FOOD STORES, INC. (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.      Plaintiff, EMILIO PINERO, is a resident of Florida and currently lives in Miami, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr. Pinero is a double leg amputee from the knees down. Mr. Pinero owns his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plan to return to the property

to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in the Complaint.

3.      Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

4.      Defendant, LUCKY 7, LLC, transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owner and/or operator of the property, which is the subject of this action, located on or about 17851 NW 78th Ave., Miami, FL 33015 (hereinafter the "Facility").

5.      Defendant, PALM FOOD STORES, INC., transacts business in the State of Florida and within this judicial district.  Defendant is the owner and/or operator of the store known as PALM FOOD STORE, which is the subject of this action, located on or about 17851 NW 78th Ave., Miami, FL 33015 (hereinafter "Facility")

6.      The Facility is in an area frequently traveled by Plaintiff.

7.      The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

8.      In this instance, Mr. Pinero visited the Facility and encountered barriers to access at the Facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

9.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility and the actions or inactions described herein.

**10.**     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

11.      Mr. Pinero has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

12.     Mr. Pinero intends to visit the Facility again in the near future in order to utilize

all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly

offered at the Facility, but will be unable to do so because of his disability due to the physical

barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict

and/or limit his access to the Facility and/or accommodations offered therein, including those

barriers conditions and ADA violations more specifically set forth in this Complaint.

13.     Defendants have discriminated against Plaintiff and others with disabilities by

denying access to, and full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*,

and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv),

and will continue to discriminate against Plaintiff and others with disabilities unless and until

Defendants are compelled to remove all physical barriers that exist at the Facility, including

those specifically set forth herein, and make the Facility accessible to and usable by persons with

disabilities, including Plaintiff.

14.     Defendants have discriminated against Mr. Pinero by failing to comply with the

above requirements. A specific, although not exclusive, list of unlawful physical barriers,

dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because

of his disability) to access the Facility and/or full and equal enjoyment of the goods, services,

facilities, privileges, advantages and/or accommodations of the Facility include:

Accessible Parking Spaces by Main Entrance

a.  Built-up curb ramp encroaches over access aisle contrary to 2010 ADA Code §406.5,

b.  Accessible parking space and access aisle are faded paint due to lack of maintenance contrary to Florida Code §502.3.3,

c.  Access aisle is not outlined in white contrary to 2010 ADA Code §502.3.3,

**d.** Built-up curb ramp does not provide flare sides or edge protection against drop off contrary to 2010 ADA Code §406.3,

**e.** Accessible parking space surface is broken creating changes in level contrary to 2010 ADA Code §502.4,

**f.** Accessible parking space has a non-compliant surface slope contrary to 2010 ADA Code §502.4,

**g.** Curb ramp has a non-complaint running slope contrary to 2010 ADA Code §406,

Sales Counter

**h.** Sales counter is mounted over 36" above the finished floor contrary to 2010 ADA Code §904.4.1,

Door Towards Unisex Restroom

**i.** Doorway opening has a non-compliant clear width contrary to 2010 ADA Code §404.2.3,

**j.** Sink encroaches over maneuvering clearance on the pull side of the door contrary to 2010 ADA Code §404.2.4,

**k.** Non-complaint knob-type door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7,

Unisex Restroom

**l.** Permanent room identifying signage does not have Braille or raised characters and is mounted on the door leaf contrary to 2010 ADA Code §703.4.1,

**m.** Non-compliant knob-type door hardware requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7,

**n.** Door opening has a non-compliant clear width contrary to 2010 ADA Code §404.2.3,

**o.** Water closet flush control is mounted on top of the water tank contrary to 2010 ADA Code §604.6,

**p.** Water closet does not have a rear wall grab bar contrary to 2010 ADA Code §604.5.2,

**q.** Water closet does not have a side wall grab bar contrary to 2010 ADA Code §604.5.1,

**r.** Toilet tissue dispenser is mounted on the water closet front wall contrary to 2010 ADA Code §604.7,

**s.** Paper towel dispenser is mounted beyond reach ranges above the finished floor and is mounted behind the water closet contrary to 2010 ADA Code §308.2.1,

**t.** Lavatory knob-type faucet requires pinching and tight grasping to operate contrary to 2010 ADA Code §606.4,

**u.** Lavatory mirror is m ounted over 40" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3,

**v.** Lavatory has unwrapped bottom sink pipes failing to maintain cover against contact contrary to 2010 ADA Code §606.5,

**w.** Door swings into toilet compartment clear floor space contrary to 2010 ADA Code §604.8.12,

**x.** Door swings into lavatory clear floor space contrary to 2010 ADA Code §606.2,

**y.** Lavatory is mounted encroaching the water closet clear floor space contrary to 2010 ADA Code §604.3, and

**z.** Clear floor space is does not provide the required diameter wheelchair turnaround space in room contrary to 2010 ADA Code §304.3.

15.    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

16.    Mr. Pinero has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

17.     Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

18.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

19.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

20.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

21.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the

ADA, closing the subject Facility until the barriers are removed and requisite alterations are

completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation

expenses incurred in this action.

<div style="margin-left:40%">

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
T: 305.900.2373 | F: 305.400.0722
GGoldstein@G2Legal.net

Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
T: 561.571.0646 | F: 561.571.0647
WassenbergL@gmail.com

</div>